IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | : | |
| | : | |
| v. | : | Civil Action No. DKC 25-2539 |
| | : | |
| MIRACLE INN, LLC, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Plaintiff Choice Hotels International, Inc. ("Plaintiff") filed a motion for default judgment to confirm an Arbitrator's award in its favor against Miracle Inn, LLC and Li Shen, individually ("Defendants"). (ECF No. 9). Defendants have filed no response. For the following reasons, the motion will be granted without a hearing. Local Rule 105.6.

**I.   Background**

Plaintiff filed a Complaint to confirm an arbitration award against Defendants on August 4, 2025. (ECF No. 1). Attached to the Complaint is the "ex parte award of arbitrator," dated November 27, 2024. (ECF No. 1-2). It states that Defendants breached the Franchise Agreement entered into on June 30, 2011. Plaintiff incurred damages under the Franchise Agreement for unpaid franchise fees, interest, lost profits, and the Arbitrator's fees. The Arbitrator ordered Defendants to pay, jointly and severally, the total sum of $103,715.17 (consisting of

$85,177.17 in unpaid fees and interest, $13,888 in lost profits, and $4,650 to the American Arbitration Association for administrative fees and the expenses of the arbitrator). Plaintiff's motion for default judgment requests the entry of a judgment in favor of Plaintiff and against Defendants Miracle Inn, LLC and Li Shen, jointly and severally, in the amount of $103,715.17, plus post-judgment interest until paid and costs for this action.  (ECF No. 1 at 6, ECF No. 9).

Plaintiff filed returns of service on September 23, 2025, indicating that Li Shen personally received service on August 19, 2025, on behalf of himself, individually, and on behalf of Miracle Inn LLC.  (ECF No. 7).  Plaintiff filed motions for the entry of default and for default judgment on October 2, 2025.  (ECF Nos. 8, 9).  Although Plaintiff's Certificate of Service indicates that copies of the motions were mailed to Defendants on October 2, 2025, Defendants failed to respond to these motions.  (ECF No. 7).

The Clerk entered default against both Defendants on October 14, 2025, for want of answer or other defense and issued a Notice to each Defendant advising that a motion to vacate the order of default could be filed within thirty (30) days.  (ECF Nos. 11, 12, 13).  Defendants failed to move to vacate the entry of default.

On December 31, 2025, Defendant Li Shen attempted to file with the court a copy of the parties' Settlement and Release Agreement dated December 17, 2025, ("Agreement") through the court's Electronic Document Submission System.   The Clerk misconstrued the nature of the document and declined to accept it, but the docket entry does not reflect that a filing was rejected. After the case was reassigned to the undersigned, the court directed the Clerk to docket the Agreement.  (ECF No. 14, at 2). The court also requested that the parties file a status report addressing the impact of the Agreement on the pending motion.  (ECF No. 16).   According to the status report filed by Plaintiff, "[p]ursuant to section 3 of the [Agreement], the parties agreed to allow the judgment to be entered in this pending USDC case to be marked paid and satisfied at the end of the payment plan."  (ECF No. 17, at 1).

## II.  Motion for Default Judgment

A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).   The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip. Co.*,

3

11 F.3d 450, 453 (4th Cir. 1993), "but default judgment may be appropriate when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Id.* at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Plaintiff's Complaint for confirmation of the arbitration award and motion for default judgment both request the entry of judgment in the amount of $103,715.17, together with interest at the post-judgment rate until paid and costs of this action.[1] (ECF

---

[1] Plaintiff paid a $405 filing fee to initiate this action. Thus, $405 in costs will be awarded.

Nos. 1, 6).  The court need not specifically grant an award of post-judgment interest as Plaintiff is entitled to recover such interest by operation of law.  *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law."  *United Cmty. Bank v. Arruarana*, No. 10-cv-248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 109–10 (2ᵈ Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC,* 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)).  As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

5

The arbitration clause in the parties' Franchise Agreement provides, in part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction."   (ECF No. 1 at 3).   Pursuant to the arbitration clause, the arbitration award was determined on November 27, 2024.  (ECF No. 1-2, 9-2).  Thus, Plaintiff properly filed its Complaint with this court within one year after the award was made, and an order confirming the award must be granted unless the award is vacated, modified, or corrected.

Section 10 of the Federal Arbitration Act allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

6

9 U.S.C. § 10(a).  Additionally, the court may vacate an arbitration award "if the arbiter acted in manifest disregard of law."  *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).  The scope of review of an arbitrator's award is strictly limited to avoid frustrating the fundamental purpose of arbitration – *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings – and the burden of proof is on the party challenging the award to clearly establish one of the grounds for vacating the award.  *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).

By failing to answer or otherwise respond either to Plaintiff's Complaint or motion for default judgment, Defendants have not demonstrated any ground for vacating the award.  The Arbitrator issued the award after reviewing and considering the papers supporting Plaintiff's unopposed for judgment to be supported by evidence presented.  (ECF No. 1-2, 9-2).  The Agreement, in which both parties agree to the entry of judgment, provides a payment schedule to which Defendants must adhere.  Upon timely payment of $60,000, Plaintiff agrees that the judgment will

7

be "marked paid and satisfied."  (ECF No. 17, at 1).  There is no evident reason why the award should not be confirmed.

Accordingly, Plaintiff's application for confirmation of the arbitration award is granted, and Plaintiff's motion for default judgment in the amount of $103,715.17, together with interest at the post-judgment rate until paid, plus costs of $405 will be granted.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
